## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AARTI SHUKLA**<br>**384 Tuvira Lane**<br>**Cherry Hill Township, NJ 08003** | **CIVIL ACTION – LAW** |
| **CHIRAG SHUKLA**<br>**384 Tuvira Lane**<br>**Cherry Hill Township, NJ 08003** | **JURY TRIAL DEMANDED**<br><br>**No.** |
| **Plaintiffs,** | |
| **v.** | |
| **SULEIMAN MOHAMED**<br>**110 Campus View Road**<br>**Apt. 7 Mankato, MN 50016** | |
| **AATT LLC**<br>**541 Indian Lake Drive**<br>**Maineville, OH 45039** | |
| **SMH TRUCKING OF OHIO, INC.**<br>**2983 Blendon Woods Blvd.**<br>**Columbus, OH 43231** | |
| **Defendants.** | |

## COMPLAINT

AND NOW COME the Plaintiffs, Aarti Shukla and Chirag Shukla, by and through their counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above-named Defendants, and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Aarti Shukla, (hereinafter "Mrs. Shukla") is an adult individual who resides at 384 Tuvira Lane, Cherry Hill Township, NJ 08003.

2. The Plaintiff, Chirag Shukla, (hereinafter "Mr. Shukla") is an adult individual who resides at 384 Tuvira Lane, Cherry Hill Township, NJ 08003.

3.  Defendant, Suleiman Mohamed (hereinafter "Defendant Mohamed") is an adult
    individual who resides at 110 Campus View Road, Apt. 7, Mankato, MN 50016.

4.  Defendant, AATT LLC (hereinafter "AATT") is an Ohio Corporation with its
    registered agent for service of process located at 541 Indian Lake Drive, Maineville,
    OH 45039 according to the Ohio Department of State.

5.  AATT also reported an address to responding law enforcement of 3487 Westerville
    Road, Columbus, OH, 43224.

6.  The Defendant, SMH Trucking of Ohio, Inc. (hereinafter "SMH Trucking") is an
    Ohio Corporation with its registered agent for service of process located 2938
    Blendon Woods Blvd, Columbus, OH 43231.

7.  SMH Trucking also reports an address of 900 Frank Road, Columbus, OH 43223 to
    the United States Department of Transportation, Federal Motor Carrier Safety
    Administration.

8.  SMH Trucking has a United States Department of Transportation Number of 2108528.

9.  SMH Trucking's Transportation number is listed as MC-735217.

10. At all relevant times, Defendant Mohamed was the agent, servant, workman and/or
    employee of Defendants AATT and/or SMH Trucking and was operating a tractor
    trailer in the course and scope of his employment.

11. At all times relevant hereto, Defendant Mohamed was a class A licensed commercial
    motor vehicle operator driving a 2017 white Freightliner with VIN number
    3AKJGLDVXHSHT8731 owned, leased, assigned and/or operated by AATT.

12. At all times relevant hereto, Defendant Mohamed was operating under the DOT
    authority of both Defendant AATT and Defendant SMH Trucking.

13. At all times relevant hereto, Mr. Shukla was the owner and operator of 2016 Honda
    Odyssey with VIN number 5FNRL5H9XGB029421.

## VENUE AND JURISDICTION

14. The Plaintiffs incorporate paragraphs one (1) through thirteen (13) of their Complaint as though the same was set forth at length herein.

15. This Honorable Court has jurisdiction pursuant to 28 U.S.C. §1332 as the Plaintiffs are citizens of New Jersey, Defendant Suleiman Mohamed is a citizen of Minnesota, AATT's principal place of business is in Ohio, and SMH Trucking's principal place of business is in Ohio, the automobile crash occurred in Lancaster County, Pennsylvania and the amount in controversy exceeds $150,000.00

16. Venue is proper in this forum pursuant to 28 U.S.C. §1391(b)(2) because Defendants are subject to this Court's personal jurisdiction.

## CRASH FACTUAL BACKGROUND

17. Plaintiffs incorporate paragraphs one (1) through sixteen (16) of their Complaint as though the same was set forth at length herein.

18. At all times relevant hereto, AATT and SMH Trucking were bound by the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR").

19. At all times relevant hereto, Defendant Mohamed was bound by the FMCSR.

20. Each interstate company, in order to obtain a DOT number, had to submit an OP-1 form containing a "Safety Certification" certifying to the Federal Motor Carrier Safety Administration (hereinafter "FMCSA") that Defendants AATT and SMH Trucking have access to, and are familiar with, all applicable US Department of Transportation regulations related to the safe operation of commercial motor vehicles, and that Defendants will comply with the Federal Motor Carrier Safety Regulations (hereinafter "FMSCR").

21. Each OP-1 form contains a Safety Certification certifying to the FMCSA that at a minimum, Defendants AATT and SMH Trucking:

a.  Had and will have in place systems and an individual responsible for ensuring overall compliance with the FMSCR;

b.  Can produce a copy of the FMCSR;

c.  Had and will have in place a driver safety training/orientation program;

d.  Had and will have prepared/maintained an accident register;

e.  Are familiar with DOT regulations governing driver qualifications and had/will have in place systems for overseeing driver qualification requirements;

f.  Had and will have in place policies and procedures consistent with DOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance;

g.  Are familiar with and had/will have a system for complying with all US DOT regulations governing alcohol and controlled substances testing requirements; and

h.  Notifying defendants that they must comply with all pertinent Federal, State, local and tribunal statutory and regulatory requirements when operating within the United States.

22. At all times relevant hereto, Defendant Mohamed was in the course and scope of his employment with AATT and/or SMH Trucking, and/or was acting in furtherance of their business purposes with the express/implied consent.

23. At all times relevant hereto, AATT and SMH Trucking were responsible for the safety of the vehicles they owned at the time of the incident in issue.

24. At all times relevant hereto, defendants were aware that failure to properly inspect their vehicles could result in serious, permanent, and life-altering/life-ending injuries to individuals.

25. At all times relevant hereto, defendants were aware that drivers who operated their vehicles were required to be skilled and trained in operating vehicles or individuals on the road could be seriously harmed or killed.

26. On Sunday, December 1, 2024, Mr. Shukla was operating his 2016 Honda Odyssey (hereinafter, "The Honda") eastbound on I-76.

27. Plaintiff Chirag Shukla's wife, Plaintiff Aarti Shukla, was a passenger seated on the left side of the Honda's second row, and the Plaintiffs' two-year-old daughter, Avya Shukla, was a passenger seated on the right side of the Honda's second row.

28. The Plaintiffs' vehicle, through no fault of the Plaintiffs, sustained a flat tire while they were on I-76.

29. Accordingly, Mr. Shukla replaced the flat tire with an emergency "donut," or compact spare tire.

30. With the donut in place, Mr. Shukla activated his four-way emergency hazard lights, re-entered the roadway, and continued east I-76 in the right lane.

31. At approximately 7:20 p.m., the Plaintiffs were traveling eastbound on I-76, at or near Mile Marker 267.2 in Penn Township, Pennsylvania.

32. At the same date and time, Defendant Mohamed was traveling eastbound on 1-76, at or near Mile Marker 267.2 in Penn Township, Pennsylvania.


**[INTENTIONALLY LEFT BLANK]**



33. Suddenly, and without any warning, Defendant Mohamed slammed into the Plaintiff's vehicle which was lawfully travelling on the roadway.

34. As a result of the impact, Plaintiffs' vehicle was forced off the right-hand side of the roadway, struck a fence, struck a tree, and ultimately came to rest.

35. Upon information and belief, Defendant Mohamed was traveling at an unsafe speed.

36. Defendant Mohamed's decision to operate a freightliner at unsafe speeds was negligent, careless, and/or reckless.

37. Defendant Mohamed drove in violation of multiple sections of the Pennsylvania Vehicle Code, including, but not limited to, 75 Pa. C.S. §§ 3714, 3736, and 3361.

38. At all times relevant hereto, Defendant Mohamed was aware that his failure to properly maintain and operate his vehicle could cause serious and permanent personal injuries to individuals lawfully on the roadway.

39. Defendants acted with a reckless indifference to the rights of the plaintiffs and others similarly situated.

40. The collision described herein was caused by the Defendants' negligence, carelessness, and/or recklessness.

41. Plaintiffs' actions in no way contributed to this accident.

42. As a direct and proximate result of the Defendants' conduct, jointly and/or severally and/or by and through their joint individual agents, servants, workmen, and/or employees, Plaintiff Aarti Shukla suffered serious and permanent personal injuries, including:

    a.  right ankle fracture;

    b.  bone loss of right ankle;

    c.  post -traumatic headaches;

    d.  head injury;

    e.  right buttock injury;

    f.  right foot injury;

    g.  pelvic injury;

    h.  rib cage injury;

    i.  right ankle sprain;

    j.  cervical injury;

    k.  left thumb injury;

    l.  left chest injury;

    m.  lumbar sprain;

    n.  left hand contusions.

43. As a direct and proximate result of the Defendants' conduct, jointly and/or severally and/or by and through their joint individual agents, servants, workmen, and/or

employees, Plaintiff Chirag Shukla suffered serious and permanent personal injuries, including:

    a.  head injury;

    b.  memory loss;

    c.  concussion;

    d.  post-concussive syndrome;

    e.  left shoulder injury;

    f.  left shoulder tear;

    g.  cervical injury;

    h.  thoracic injury;

    i.  lumbar injury;

    j.  left shoulder injury; and

    k.  muscle spasms of back.

44. As a direct and proximate result of this incident, the Plaintiffs have been caused to undergo medical care, treatment and take medication, all of which has been required in the past and all of which will continue into the future.

45. All of the aforementioned treatment for the Plaintiffs' injuries has been deemed reasonable and necessary.

46. The Plaintiffs suffered embarrassment, humiliation, disfigurement, pain, and suffering.

47. As a further result of the incident, the Plaintiffs have suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of their earning capacity and power.

48. As a result of this incident, the Plaintiffs may hereafter incur other financial losses or expenses.

49. As a result of the defendants' negligence, carelessness, and/or recklessness, jointly and/or severally and/or through their joint individual agents, servants, workmen, and/or employees, the Plaintiffs have and will be in the future hindered from attending and performing their usual daily duties, activities, and recreational and social pursuits.

50. The Plaintiffs also makes a claim for all damages and injuries that they have no present knowledge of at the time of filing.

51. The Plaintiffs' injuries and damages were caused solely by the acts of the Defendants jointly and/or severally and/or through their joint individual agents, servants, workmen, and/or employees as hereinbefore and hereinafter set forth.

52. At all times relevant hereto, Defendants AATT and/or SMH Trucking were liable for the actions and/or inactions of Defendant Mohamed as though the actions and/or inactions were performed by Defendants AATT and/or SMH Trucking themselves.

53. At all relevant times hereto, the Plaintiffs acted in a safe, prudent, and reasonable manner and in no way contributed to the collision.

### COUNT I
### NEGLIGENCE/RECKLESSNESS
### AARTI SHUKLA v. SULEIMAN MOHAMED

54. Plaintiff Aarti Shukla incorporates, by reference, all preceding paragraphs as if set forth herein at length.

55. The aforementioned incident was caused by the negligence, carelessness and/or recklessness of Defendant Mohamed, acting individually and in his capacity as an agent, workman, employee, employee, and/or servant of defendants AATT and/or SMH Trucking.

56. The negligence, carelessness, and/or recklessness of Defendant Mohamed includes, but is not limited to:

a. Failing to operate a tractor trailer with due regard for the rights and/or safety of Plaintiff and others similarly situated;

b. Failing to operate a tractor trailer with due regard for the conditions which were existing and of which defendant was or reasonably should have been aware of at the time of this accident;

c. Failing to have the tractor trailer under proper and adequate control at the time of the accident;

d. Driving in violation of the Pennsylvania Motor Vehicle Code and other applicable codes and provisions in the manners explained throughout this complaint and incorporated herein, including, but not limited to, 75 Pa. C.S. §§ 3714, 3736, and 3361;

e. Violating FMCSR §§ 383.110, 393.111, and 383.113, dealing with required knowledge and skills;

f. Failing to keep a proper lookout;

g. Failing to warm Plaintiff of said vehicle's presence, intended course of travel, and impending impact;

h. Failing to obey speed limits;

i. Operating a tractor trailer in excess of the speed limit;

j. Operating a tractor trailer at an unsafe speed;

k. Operating a tractor trailer in a negligent manner;

l. Operating a tractor trailer in a careless manner;

m. Operating a tractor trailer in a reckless manner;

n. Failing to timely apply his brakes;

o. Failing to take proper evasive maneuvers;

p.  Failing to take reasonable steps and to exercise due and reasonable care and caution under the circumstances to avoid a collision and subsequent injuries to Plaintiffs;

q.  Failing to use other safety devices to check for the presence of vehicles;

r.  Inattentive, careless, and reckless driving;

s.  Driving the vehicle at a speed that was unsafe for conditions presented therein;

t.  Failing to warn other drivers that said tractor trailer was unfit for operation;

u.  Failing to maintain said tractor trailer in a reasonably safe condition;

v.  Failing to pay reasonable attention to the operation of said vehicle when defendant knew or should have known that such conduct would pose a serious risk of physical harm to persons in the position of Plaintiff;

w.  Failing to follow safety policies regarding the operation of tractor trailers;

x.  Operating a commercial vehicle when he was not deemed a "qualified driver" under the FMCSR;

y.  Failing to conduct a pre-trip inspection in violation of the FMCSR;

z.  Failing to maintain proper driver logs in violation of the FMCSR;

aa. Driving over the hours of service in violation of the FMCSR;

bb. Utilizing a cell phone and/or handheld device while operating a commercial vehicle in violation of the FMCSR;

cc. Faling to control his tractor trailer in light of the circumstances then and there existing;

dd. Failing to remain alert;

ee. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

11

ff. Failing to make necessary and reasonable observations while operating his tractor trailer;

gg. Violating both the written and unwritten policies, rules, guidelines and regulations of AATT and/or SMH Trucking;

hh. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

ii. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of tractor trailers;

jj. Consciously choosing to drive faster than reasonably prudent for the conditions presented therein in a multi-thousand pound tractor trailer;

kk. Consciously choosing to drive at a high rate of speed despite knowing that he was creating an increased risk of crashing his tractor trailer;

ll. Failing to exercise due care and caution under all of the circumstances;

mm. Acting with a conscious disregard for the rights and safety of the Plaintiffs.

57. As a direct and proximate result of Defendant Mohamed's negligence, carelessness, and/or recklessness, Plaintiff Aarti Shukla suffered serious and permanent personal injuries.

58. As a direct and proximate result of Defendant Mohamed's negligence, carelessness, and/or recklessness, Plaintiff Aarti Shukla has been caused to undergo medical care, treatment and take medication, all of which has been required in the past and all of which will continue into the future.

59. As a direct and proximate result of Defendant Mohamed's negligence, carelessness, and/or recklessness, Plaintiff Aarti Shukla suffered embarrassment, humiliation, disfigurement, pain, and suffering, all of which have prevented her from attending and performing her usual daily duties, activities, and recreational and social pursuits.

60. As a further result of the incident, Plaintiff Aarti Shukla has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of her earning capacity and power.

61. As a result of this incident, Plaintiff Aarti Shukla may hereafter incur other financial losses or expenses.

**WHEREFORE**, Plaintiff, Aarti Shukla, demands judgment in her favor and against Defendant, Suleiman Mohamed, in an amount in excess of one hundred and fifty thousand dollars ($150,000.00), together with costs, interests, compensatory damages, punitive damages, and all other damages allowed by law.

<u>**COUNT II**</u>
<u>**NEGLIGENCE/RECKLESSNESS**</u>
<u>**CHIRAG SHUKLA v. SULEIMAN MOHAMED**</u>

62. Plaintiff Chirag Shukla incorporates, by reference, all preceding paragraphs as if set forth herein at length.

63. The aforementioned incident was caused by the negligence, carelessness and/or recklessness of Defendant Mohamed, acting individually and in his capacity as an agent, workman, employee, employee, and/or servant of Defendants AATT and/or SMH Trucking.

64. The negligence, carelessness, and/or recklessness of Defendant Mohamed includes, but is not limited to:

    a.  Failing to operate a tractor trailer with due regard for the rights and/or safety of Plaintiff and others similarly situated;

    b.  Failing to operate a tractor trailer with due regard for the conditions which were existing and of which defendant was or reasonably should have been aware of at the time of this accident;

c. Failing to have the tractor trailer under proper and adequate control at the time of the accident;

d. Driving in violation of the Pennsylvania Motor Vehicle Code and other applicable codes and provisions in the manners explained throughout this complaint and incorporated herein, including, but not limited to, 75 Pa. C.S. §§ 3714, 3736, and 3361;

e. Violating FMCSR §§ 383.110, 393.111, and 383.113, dealing with required knowledge and skills;

f. Failing to keep a proper lookout;

g. Failing to warm Plaintiff of said vehicle's presence, intended course of travel, and impending impact;

h. Failing to obey speed limits;

i. Operating a tractor trailer in excess of the speed limit;

j. Operating a tractor trailer at an unsafe speed;

k. Operating a tractor trailer in a negligent manner;

l. Operating a tractor trailer in a careless manner;

m. Operating a tractor trailer in a reckless manner;

n. Failing to timely apply his brakes;

o. Failing to take proper evasive maneuvers;

p. Failing to take reasonable steps and to exercise due and reasonable care and caution under the circumstances to avoid a collision and subsequent injuries to Plaintiffs;

q. Failing to use other safety devices to check for the presence of vehicles;

r. Inattentive, careless, and reckless driving;

s.  Driving the vehicle at a speed that was unsafe for conditions presented therein;

t.  Failing to warn other drivers that said tractor trailer was unfit for operation;

u.  Failing to maintain said tractor trailer in a reasonably safe condition;

v.  Failing to pay reasonable attention to the operation of said vehicle when defendant knew or should have known that such conduct would pose a serious risk of physical harm to persons in the position of Plaintiff;

w.  Failing to follow safety policies regarding the operation of tractor trailers;

x.  Operating a commercial vehicle when he was not deemed a "qualified driver" under the FMCSR;

y.  Failing to conduct a pre-trip inspection in violation of the FMCSR;

z.  Failing to maintain proper driver logs in violation of the FMCSR;

aa. Driving over the hours of service in violation of the FMCSR;

bb. Utilizing a cell phone and/or handheld device while operating a commercial vehicle in violation of the FMCSR;

cc. Faling to control his tractor trailer in light of the circumstances then and there existing;

dd. Failing to remain alert;

ee. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

ff. Failing to make necessary and reasonable observations while operating his tractor trailer;

gg. Violating both the written and unwritten policies, rules, guidelines and regulations of AATT and/or SMH Trucking;

hh. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

ii. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of tractor trailers;

jj.  Consciously choosing to drive faster than reasonably prudent for the conditions presented therein in a multi-thousand pound tractor trailer;

kk. Consciously choosing to drive at a high rate of speed despite knowing that he was creating an increased risk of crashing his tractor trailer;

ll. Failing to exercise due care and caution under all of the circumstances;

mm.  Acting with a conscious disregard for the rights and safety of the Plaintiffs.

65. As a direct and proximate result of Defendant Mohamed's negligence, carelessness, and/or recklessness, Plaintiff Chirag Shukla suffered serious and permanent personal injuries.

66. As a direct and proximate result of Defendant Mohamed's negligence, carelessness, and/or recklessness, Plaintiff Chirag Shukla has been caused to undergo medical care, treatment and take medication, all of which has been required in the past and all of which will continue into the future.

67. As a direct and proximate result of Defendant Mohamed's negligence, carelessness, and/or recklessness, Plaintiff Chirag Shukla suffered embarrassment, humiliation, disfigurement, pain, and suffering, all of which have prevented him from attending and performing her usual daily duties, activities, and recreational and social pursuits.

68. As a further result of the incident, Plaintiff Chirag Shukla has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of his earning capacity and power.

69. As a result of this incident, Plaintiff Chirag Shukla may hereafter incur other financial losses or expenses.

**WHEREFORE**, Plaintiff, Chirag Shukla, demands judgment in his favor and against Defendant, Suleiman Mohamed, in an amount in excess of one hundred and fifty thousand dollars ($150,000.00), together with costs, interests, compensatory damages, punitive damages, and all other damages allowed by law.

**COUNT III**
**NEGLIGENCE/RECKLESSNESS**
**AARTI SHUKLA v. AATT LLC**
**as being vicariously liable for SULEIMAN MOHAMED**

70. Plaintiff Aarti Shukla incorporates, by reference, all preceding paragraphs as if set forth herein at length.

71. The negligence, carelessness, and/or recklessness of Defendant AATT LLC, as being vicariously liable for the actions of Defendant Suleiman Mohamed, includes, but is not limited to, the following:

   a. Failing to operate a tractor trailer with due regard for the rights and/or safety of Plaintiff and others similarly situated;

   b. Failing to operate a tractor trailer with due regard for the conditions which were existing and of which defendant was or reasonably should have been aware of at the time of this accident;

   c. Failing to have the tractor trailer under proper and adequate control at the time of the accident;

   d. Driving in violation of the Pennsylvania Motor Vehicle Code and other applicable codes and provisions in the manners explained throughout this complaint and incorporated herein, including, but not limited to, 75 Pa. C.S. §§ 3714, 3736, and 3361;

e.  Violating FMCSR §§ 383.110, 393.111, and 383.113, dealing with required knowledge and skills;

f.  Failing to keep a proper lookout;

g.  Failing to warm Plaintiff of said vehicle's presence, intended course of travel, and impending impact;

h.  Failing to obey speed limits;

i.  Operating a tractor trailer in excess of the speed limit;

j.  Operating a tractor trailer at an unsafe speed;

k.  Operating a tractor trailer in a negligent manner;

l.  Operating a tractor trailer in a careless manner;

m.  Operating a tractor trailer in a reckless manner;

n.  Failing to timely apply his brakes;

o.  Failing to take proper evasive maneuvers;

p.  Failing to take reasonable steps and to exercise due and reasonable care and caution under the circumstances to avoid a collision and subsequent injuries to Plaintiffs;

q.  Failing to use other safety devices to check for the presence of vehicles;

r.  Inattentive, careless, and reckless driving;

s.  Driving the vehicle at a speed that was unsafe for conditions presented therein;

t.  Failing to warn other drivers that said tractor trailer was unfit for operation;

u.  Failing to maintain said tractor trailer in a reasonably safe condition;

v.  Failing to pay reasonable attention to the operation of said vehicle when defendant knew or should have known that such conduct would pose a serious risk of physical harm to persons in the position of Plaintiff;

w.  Failing to follow safety policies regarding the operation of tractor trailers;

x.  Operating a commercial vehicle when he was not deemed a "qualified driver" under the FMCSR;

y.  Failing to conduct a pre-trip inspection in violation of the FMCSR;

z.  Failing to maintain proper driver logs in violation of the FMCSR;

aa. Driving over the hours of service in violation of the FMCSR;

bb. Utilizing a cell phone and/or handheld device while operating a commercial vehicle in violation of the FMCSR;

cc. Faling to control his tractor trailer in light of the circumstances then and there existing;

dd. Failing to remain alert;

ee. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

ff.  Failing to make necessary and reasonable observations while operating his tractor trailer;

gg. Violating both the written and unwritten policies, rules, guidelines and regulations of AATT and/or SMH Trucking;

hh. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

ii.  Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of tractor trailers;

jj.  Consciously choosing to drive faster than reasonably prudent for the conditions presented therein in a multi-thousand pound tractor trailer;

kk. Consciously choosing to drive at a high rate of speed despite knowing that he was creating an increased risk of crashing his tractor trailer;

    ll.  Failing to exercise due care and caution under all of the circumstances;

    mm.  Acting with a conscious disregard for the rights and safety of the Plaintiffs.

72. As a direct and proximate result of Defendant AATT LLC's negligence, carelessness, and/or recklessness, Plaintiff Aarti Shukla suffered serious and permanent personal injuries.

73. As a direct and proximate result of Defendant AATT LLC's negligence, carelessness, and/or recklessness, Plaintiff Aarti Shukla has been caused to undergo medical care, treatment and take medication, all of which has been required in the past and all of which will continue into the future.

74. As a direct and proximate result of Defendant AATT LLC's negligence, carelessness, and/or recklessness, Plaintiff Aarti Shukla suffered embarrassment, humiliation, disfigurement, pain, and suffering, all of which have prevented her from attending and performing her usual daily duties, activities, and recreational and social pursuits.

75. As a further result of the incident, Plaintiff Aarti Shukla has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of her earning capacity and power.

76. As a result of this incident, Plaintiff Aarti Shukla may hereafter incur other financial losses or expenses.

    **WHEREFORE**, Plaintiff, Aarti Shukla, demands judgment in her favor and against Defendant, AATT LLC, as vicariously liable for Suleiman Mohamed in an amount in excess of one hundred and fifty thousand dollars ($150,000.00), together with costs, interests, compensatory damages, punitive damages, and all other damages allowed by law.

### COUNT IV
### NEGLIGENCE/RECKLESSNESS
### CHIRAG SHUKLA v. AATT LLC
### as being vicariously liable for SULEIMAN MOHAMED

77. Plaintiff Chirag Shukla incorporates, by reference, all preceding paragraphs as if set forth herein at length.

78. The negligence, carelessness, and/or recklessness of defendant AATT LLC, as being vicariously liable for the actions of Defendant Suleiman Mohamed, includes, but is not limited to, the following:

    a. Failing to operate a tractor trailer with due regard for the rights and/or safety of Plaintiff and others similarly situated;

    b. Failing to operate a tractor trailer with due regard for the conditions which were existing and of which defendant was or reasonably should have been aware of at the time of this accident;

    c. Failing to have the tractor trailer under proper and adequate control at the time of the accident;

    d. Driving in violation of the Pennsylvania Motor Vehicle Code and other applicable codes and provisions in the manners explained throughout this complaint and incorporated herein, including, but not limited to, 75 Pa. C.S. §§ 3714, 3736, and 3361;

    e. Violating FMCSR §§ 383.110, 393.111, and 383.113, dealing with required knowledge and skills;

    f. Failing to keep a proper lookout;

    g. Failing to warm Plaintiff of said vehicle's presence, intended course of travel, and impending impact;

    h. Failing to obey speed limits;

21

i.   Operating a tractor trailer in excess of the speed limit;

j.   Operating a tractor trailer at an unsafe speed;

k.   Operating a tractor trailer in a negligent manner;

l.   Operating a tractor trailer in a careless manner;

m.  Operating a tractor trailer in a reckless manner;

n.   Failing to timely apply his brakes;

o.   Failing to take proper evasive maneuvers;

p.   Failing to take reasonable steps and to exercise due and reasonable care and caution under the circumstances to avoid a collision and subsequent injuries to Plaintiffs;

q.   Failing to use other safety devices to check for the presence of vehicles;

r.   Inattentive, careless, and reckless driving;

s.   Driving the vehicle at a speed that was unsafe for conditions presented therein;

t.   Failing to warn other drivers that said tractor trailer was unfit for operation;

u.   Failing to maintain said tractor trailer in a reasonably safe condition;

v.   Failing to pay reasonable attention to the operation of said vehicle when defendant knew or should have known that such conduct would pose a serious risk of physical harm to persons in the position of Plaintiff;

w.  Failing to follow safety policies regarding the operation of tractor trailers;

x.   Operating a commercial vehicle when he was not deemed a "qualified driver" under the FMCSR;

y.   Failing to conduct a pre-trip inspection in violation of the FMCSR;

z.   Failing to maintain proper driver logs in violation of the FMCSR;

aa.  Driving over the hours of service in violation of the FMCSR;

bb. Utilizing a cell phone and/or handheld device while operating a commercial vehicle in violation of the FMCSR;

cc. Faling to control his tractor trailer in light of the circumstances then and there existing;

dd. Failing to remain alert;

ee. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

ff. Failing to make necessary and reasonable observations while operating his tractor trailer;

gg. Violating both the written and unwritten policies, rules, guidelines and regulations of AATT and/or SMH Trucking;

hh. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

ii. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of tractor trailers;

jj.  Consciously choosing to drive faster than reasonably prudent for the conditions presented therein in a multi-thousand pound tractor trailer;

kk. Consciously choosing to drive at a high rate of speed despite knowing that he was creating an increased risk of crashing his tractor trailer;

ll. Failing to exercise due care and caution under all of the circumstances;

mm.   Acting with a conscious disregard for the rights and safety of the Plaintiffs.

79. As a direct and proximate result of Defendant AATT's negligence, carelessness, and/or recklessness, Plaintiff Chirag Shukla suffered serious and permanent personal injuries.

80. As a direct and proximate result of Defendant AATT's negligence, carelessness, and/or recklessness, Plaintiff Chirag Shukla has been caused to undergo medical care, treatment and take medication, all of which has been required in the past and all of which will continue into the future.

81. As a direct and proximate result of Defendant AATT's negligence, carelessness, and/or recklessness, Plaintiff Chirag Shukla suffered embarrassment, humiliation, disfigurement, pain, and suffering, all of which have prevented him from attending and performing his usual daily duties, activities, and recreational and social pursuits.

82. As a further result of the incident, Plaintiff Chirag Shukla has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of his earning capacity and power.

83. As a result of this incident, Plaintiff Chirag Shukla may hereafter incur other financial losses or expenses.

**WHEREFORE**, Plaintiff, Chirag Shukla, demands judgment in his favor and against Defendant, AATT LLC's, as vicariously liable for Defendant Suleiman Mohamed in an amount in excess of one hundred and fifty thousand dollars ($150,000.00), together with costs, interests, compensatory damages, punitive damages, and all other damages allowed by law.

### COUNT V
### NEGLIGENCE/RECKLESSNESS
### AARTI SHUKLA v. SMH TRUCKING OF OHIO, INC.
### as being vicariously liable for SULEIMAN MOHAMED

84. Plaintiff Aarti Shukla incorporates, by reference, all preceding paragraphs as if set forth herein at length.

85. The negligence, carelessness, and/or recklessness of defendant SMH Trucking of Ohio, Inc., as being vicariously liable for the actions of Defendant Suleiman Mohamed, includes, but is not limited to, the following:

24

a.  Failing to operate a tractor trailer with due regard for the rights and/or safety of Plaintiff and others similarly situated;

b.  Failing to operate a tractor trailer with due regard for the conditions which were existing and of which defendant was or reasonably should have been aware of at the time of this accident;

c.  Failing to have the tractor trailer under proper and adequate control at the time of the accident;

d.  Driving in violation of the Pennsylvania Motor Vehicle Code and other applicable codes and provisions in the manners explained throughout this complaint and incorporated herein, including, but not limited to, 75 Pa. C.S. §§ 3714, 3736, and 3361;

e.  Violating FMCSR §§ 383.110, 393.111, and 383.113, dealing with required knowledge and skills;

f.  Failing to keep a proper lookout;

g.  Failing to warm Plaintiff of said vehicle's presence, intended course of travel, and impending impact;

h.  Failing to obey speed limits;

i.  Operating a tractor trailer in excess of the speed limit;

j.  Operating a tractor trailer at an unsafe speed;

k.  Operating a tractor trailer in a negligent manner;

l.  Operating a tractor trailer in a careless manner;

m.  Operating a tractor trailer in a reckless manner;

n.  Failing to timely apply his brakes;

o.  Failing to take proper evasive maneuvers;

p.  Failing to take reasonable steps and to exercise due and reasonable care and caution under the circumstances to avoid a collision and subsequent injuries to Plaintiffs;

q.  Failing to use other safety devices to check for the presence of vehicles;

r.  Inattentive, careless, and reckless driving;

s.  Driving the vehicle at a speed that was unsafe for conditions presented therein;

t.  Failing to warn other drivers that said tractor trailer was unfit for operation;

u.  Failing to maintain said tractor trailer in a reasonably safe condition;

v.  Failing to pay reasonable attention to the operation of said vehicle when defendant knew or should have known that such conduct would pose a serious risk of physical harm to persons in the position of Plaintiff;

w.  Failing to follow safety policies regarding the operation of tractor trailers;

x.  Operating a commercial vehicle when he was not deemed a "qualified driver" under the FMCSR;

y.  Failing to conduct a pre-trip inspection in violation of the FMCSR;

z.  Failing to maintain proper driver logs in violation of the FMCSR;

aa. Driving over the hours of service in violation of the FMCSR;

bb. Utilizing a cell phone and/or handheld device while operating a commercial vehicle in violation of the FMCSR;

cc. Faling to control his tractor trailer in light of the circumstances then and there existing;

dd. Failing to remain alert;

ee. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

    ff.  Failing to make necessary and reasonable observations while operating his tractor trailer;

    gg. Violating both the written and unwritten policies, rules, guidelines and regulations of AATT LLC and/or SMH Trucking;

    hh. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

    ii.  Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of tractor trailers;

    jj.  Consciously choosing to drive faster than reasonably prudent for the conditions presented therein in a multi-thousand pound tractor trailer;

    kk. Consciously choosing to drive at a high rate of speed despite knowing that he was creating an increased risk of crashing his tractor trailer;

    ll.  Failing to exercise due care and caution under all of the circumstances;

    mm.  Acting with a conscious disregard for the rights and safety of the Plaintiffs.

86. As a direct and proximate result of defendant SMH Trucking's negligence, carelessness, and/or recklessness, Plaintiff Aarti Shukla suffered serious and permanent personal injuries.

87. As a direct and proximate result of defendant SMH Trucking's negligence, carelessness, and/or recklessness, Plaintiff Aarti Shukla has been caused to undergo medical care, treatment and take medication, all of which has been required in the past and all of which will continue into the future.

88. As a direct and proximate result of defendant SMH Trucking's negligence, carelessness, and/or recklessness, Plaintiff Aarti Shukla suffered embarrassment, humiliation, disfigurement, pain, and suffering, all of which have prevented her from

attending and performing her usual daily duties, activities, and recreational and social pursuits.

89. As a further result of the incident, Plaintiff Aarti Shukla has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of her earning capacity and power.

90. As a result of this incident, Plaintiff Aarti Shukla may hereafter incur other financial losses or expenses.

**WHEREFORE**, Plaintiff, Aarti Shukla, demands judgment in her favor and against Defendant, SMH Trucking of Ohio, Inc., as vicariously liable for Defendant Suleiman Mohamed in an amount in excess of one hundred and fifty thousand dollars ($150,000.00), together with costs, interests, compensatory damages, punitive damages, and all other damages allowed by law.

**COUNT VI**
**NEGLIGENCE/RECKLESSNESS**
**CHIRAG SHUKLA v. SMH TRUCKING OF OHIO, INC.**
**as being vicariously liable for SULEIMAN MOHAMED**

91. Plaintiff Chirag Shukla incorporates, by reference, all preceding paragraphs as if set forth herein at length.

92. The negligence, carelessness, and/or recklessness of defendant SMH Trucking of Ohio, Inc., as being vicariously liable for the actions of Defendant Suleiman Mohamed, includes, but is not limited to, the following:

    a. Failing to operate a tractor trailer with due regard for the rights and/or safety of Plaintiff and others similarly situated;

    b. Failing to operate a tractor trailer with due regard for the conditions which were existing and of which defendant was or reasonably should have been aware of at the time of this accident;

c.  Failing to have the tractor trailer under proper and adequate control at the time of the accident;

d.  Driving in violation of the Pennsylvania Motor Vehicle Code and other applicable codes and provisions in the manners explained throughout this complaint and incorporated herein, including, but not limited to, 75 Pa. C.S. §§ 3714, 3736, and 3361;

e.  Violating FMCSR §§ 383.110, 393.111, and 383.113, dealing with required knowledge and skills;

f.  Failing to keep a proper lookout;

g.  Failing to warm Plaintiff of said vehicle's presence, intended course of travel, and impending impact;

h.  Failing to obey speed limits;

i.  Operating a tractor trailer in excess of the speed limit;

j.  Operating a tractor trailer at an unsafe speed;

k.  Operating a tractor trailer in a negligent manner;

l.  Operating a tractor trailer in a careless manner;

m.  Operating a tractor trailer in a reckless manner;

n.  Failing to timely apply his brakes;

o.  Failing to take proper evasive maneuvers;

p.  Failing to take reasonable steps and to exercise due and reasonable care and caution under the circumstances to avoid a collision and subsequent injuries to Plaintiffs;

q.  Failing to use other safety devices to check for the presence of vehicles;

r.  Inattentive, careless, and reckless driving;

s.  Driving the vehicle at a speed that was unsafe for conditions presented therein;

t.  Failing to warn other drivers that said tractor trailer was unfit for operation;

u.  Failing to maintain said tractor trailer in a reasonably safe condition;

v.  Failing to pay reasonable attention to the operation of said vehicle when defendant knew or should have known that such conduct would pose a serious risk of physical harm to persons in the position of Plaintiff;

w.  Failing to follow safety policies regarding the operation of tractor trailers;

x.  Operating a commercial vehicle when he was not deemed a "qualified driver" under the FMCSR;

y.  Failing to conduct a pre-trip inspection in violation of the FMCSR;

z.  Failing to maintain proper driver logs in violation of the FMCSR;

aa. Driving over the hours of service in violation of the FMCSR;

bb. Utilizing a cell phone and/or handheld device while operating a commercial vehicle in violation of the FMCSR;

cc. Faling to control his tractor trailer in light of the circumstances then and there existing;

dd. Failing to remain alert;

ee. Failing to operate his tractor trailer in accordance with the Federal Motor Carrier Safety Regulations;

ff. Failing to make necessary and reasonable observations while operating his tractor trailer;

gg. Violating both the written and unwritten policies, rules, guidelines and regulations of AATT and/or SMH Trucking;

hh. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

ii. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of tractor trailers;

jj.  Consciously choosing to drive faster than reasonably prudent for the conditions presented therein in a multi-thousand pound tractor trailer;

kk. Consciously choosing to drive at a high rate of speed despite knowing that he was creating an increased risk of crashing his tractor trailer;

ll. Failing to exercise due care and caution under all of the circumstances;

mm.  Acting with a conscious disregard for the rights and safety of the Plaintiffs.

93. As a direct and proximate result of defendant SMH Trucking's negligence, carelessness, and/or recklessness, Plaintiff Chirag Shukla suffered serious and permanent personal injuries.

94. As a direct and proximate result of defendant SMH Trucking's negligence, carelessness, and/or recklessness, Plaintiff Chirag Shukla has been caused to undergo medical care, treatment and take medication, all of which has been required in the past and all of which will continue into the future.

95. As a direct and proximate result of defendant SMH Trucking's negligence, carelessness, and/or recklessness, Plaintiff Chirag Shukla suffered embarrassment, humiliation, disfigurement, pain, and suffering, all of which have prevented him from attending and performing his usual daily duties, activities, and recreational and social pursuits.

96. As a further result of the incident, Plaintiff Chirag Shukla has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of his earning capacity and power.

97. As a result of this incident, Plaintiff Chirag Shukla may hereafter incur other financial

losses or expenses.

WHEREFORE, Plaintiff, Chirag Shukla, demands judgment in his favor and against Defendant,

SMH Trucking as vicariously liable for Defendant Suleiman Mohamed, in an amount in excess of one

hundred and fifty thousand dollars ($150,000.00), together with costs, interests, compensatory

damages, punitive damages, and all other damages allowed by law.

**COUNT VII**
**NEGLIGENT and/or RECKLESS HIRING/TRAINING/RETENTION/SUPERVISION**
**AARTI SHUKLA v. AATT LLC**

98. Plaintiff Aarti Shukla incorporates, by reference, all preceding paragraphs as if set

forth herein at length.

99. Defendant AATT LLC had an obligation/duty to hire, retain and supervise drivers

who operate their tractor trailers in a safe manner.

100.   As an interstate commercial employer, Defendant AATT LLC was bound by the

Federal Motor Carrier Safety Regulations (hereinafter "FMCSR").

101.   Defendant AATT LLC affirmed under oath to the United States Department of

Transportation that it had a system in place and individual responsible for ensuring

overall compliance with the FMCSRs.

102.   Defendant AATT LLC affirmed under oath to the United States Department of

Transportation that it could produce a copy of the FMCSRs and Hazardous

Transportation Regulations.

103.   Defendant AATT LLC affirmed under oath to the United States Department of

Transportation that it had in place a driver safety training/orientation program.

104.   Defendant AATT LLC affirmed under oath to the United States Department of

Transportation that it has prepared and maintains an accident register.

105.   Defendant AATT LLC affirmed under oath to the United States Department of Transportation that it is familiar with DOT regulations governing driver qualifications and has in place a system for overseeing driver qualification requirements.

106.   Defendant AATT LLC affirmed under oath to the United States Department of Transportation that it has in place policies and procedures consistent with USDOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance.

107.   Defendant AATT LLC affirmed under oath to the United States Department of Transportation that is familiar with and will have in placed on the appropriate effective date, a system for complying with USDOT regulations governing alcohol and controlled substances testing requirements.

108.   Defendant Mohamed has a history of injury producing accidents and unsafe driving.

109.   On December 27, 2014, Defendant Mohamed was charged with improper traffic lane usage in Illinois and subsequently paid a fine on Marh 2, 2015.

110.   On November 11, 2018, Defendant Mohamed was charged with speeding for going 79 miles per hour in a 55 mile per hour zone.

111.   The case was disposed on December 10, 2018 with a finding of guilty and a fine satisfied.

112.   On August 2, 2021, Defendant Mohamed failed to file a medical certification and was convicted of the same in Minnesota.

113.   On September 28, 2022, Defendant Mohamed was charged with violating "Oregon Department of Transportation Rules – Temporary Passes" and subsequently pled guilty on October 6, 2022.

114.   On September 27, 2022, just two years prior to this crash, Defendant Mohamed was involved in a deadly collision in Kennewick, Washington.

115.   At the time of that crash, Defendant Mohamed was operating a semi-truck and collided with the rear of another vehicle.

116.   As a result of that impact, the passenger died at the scene.

117.   Plaintiff Aarti Shukla suffered severe injuries as a result of an incident related to Defendant Mohamed's driving, more specifically, Defendant Mohamed's unsafe driving.

118.   The negligence, carelessness and/or recklessness of Defendant AATT LLC, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Mohamed, consisted of, but is not limited to the following:

   a.   Failing to conduct a preventability analysis as recommended by the FMCSR;

   b.   Failing to have any appropriate disciplinary policy within the company to address driver speeding;

   c.   Utilizing law enforcement as the only mechanism to monitor driver speed;

   d.   Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Mohamed;

   e.   Hiring and/or continuing to employ Defendant Mohamed despite the fact that it knew or should have known that he was unfit to safely operate a commercial vehicle;

   f.   Failure to maintain a driver qualification file as required under the FMCSR;

   g.   Hiring and/or continuing to employ Defendant Mohamed despite the fact that he knew or should have known that he was unfit to safely operate a commercial vehicle;

h.  Hiring and/or continuing to employ Defendant Mohamed despite the fact that that he had a propensity for speeding and unsafe driving violations and crashes

i.  Failing to have an appropriate disciplinary policy within the company;

j.  Permitting Defendant Mohamed to operate a tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

k.  Failing to train and/or properly train Defendant Mohamed prior to allowing him to operate its tractor trailer;

l.  Allowing Defendant Mohamed to operate a tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m.  Failing to adopt appropriate employee manuals and/or training procedures;

n.  Failing to train drivers on the FMCSR;

o.  Failing to enforce both the written and unwritten policies of AATT;

p.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of AATT;

q.  Failing to implement and/or enforce an effective safety system;

r.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

s.  Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

t.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

u.  Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

v.   Failing to monitor and/or regulate its drivers' actions;

w.   Failing to monitor and/or regulate its drivers' hours;

x.   Failing to monitor and/or regulate speed at which the drivers drove;

y.   Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

z.   Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

aa.   Failing to have a policy or mechanism in place to address speeding by its drivers;

bb.   Failing to have a policy or mechanism in place to address excessive speed;

cc.   Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

dd.   Failing to act upon and remedy known violations of FMCSA regulation 393;

ee.   Failing to act upon and remedy known violations of FMCSA regulation 395;

ff.   Recklessly disregarding state and federal laws, regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers when it was reasonably foreseeable that doing so would result in serious harm and injury to the motoring public and create a foreseeable danger to motorists exposed to the unsafe commercial drivers such as Defendant Mohamed.

119.   As a direct and proximate result of Defendant AATT's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Aarti Shukla suffered serious and permanent personal injuries.

120.   As a direct and proximate result of Defendant AATT's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Aarti Shukla has been caused to undergo medical care, treatment and take medication, all of which has been required in the past and all of which will continue into the future.

121.   As a direct and proximate result of Defendant AATT's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Aarti Shukla suffered embarrassment, humiliation, disfigurement, pain, and suffering, all of which have prevented her from attending and performing her usual daily duties, activities, and recreational and social pursuits.

122.   As a further result of the incident, Plaintiff Aarti Shukla has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of her earning capacity and power.

123.   As a result of this incident, Plaintiff Aarti Shukla may hereafter incur other financial losses or expenses.

**WHEREFORE**, Plaintiff, Aarti Shukla, demands judgment in her favor and against Defendant, AATT LLC, in an amount in excess of one hundred and fifty thousand dollars ($150,000.00), together with costs, interests, compensatory damages, punitive damages, and all other damages allowed by law.

## COUNT VIII
## NEGLIGENT and/or RECKLESS HIRING/TRAINING/RETENTION/SUPERVISION
## CHIRAG SHUKLA v. AATT LLC

124.   Plaintiff Chirag Shukla incorporates, by reference, all preceding paragraphs as if set forth herein at length.

125.   Defendant AATT had an obligation/duty to hire, retain and supervise drivers who operate their tractor trailers in a safe manner.

37

126.   As an interstate commercial employer, Defendant AATT was bound by the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR").

127.   Defendant AATT affirmed under oath to the United States Department of Transportation that it had a system in place and individual responsible for ensuring overall compliance with the FMCSRs.

128.   Defendant AATT affirmed under oath to the United States Department of Transportation that it could produce a copy of the FMCSRs and Hazardous Transportation Regulations.

129.   Defendant AATT affirmed under oath to the United States Department of Transportation that it had in place a driver safety training/orientation program.

130.   Defendant AATT affirmed under oath to the United States Department of Transportation that it has prepared and maintains an accident register.

131.   Defendant AATT affirmed under oath to the United States Department of Transportation that it is familiar with DOT regulations governing driver qualifications and has in place a system for overseeing driver qualification requirements.

132.   Defendant AATT affirmed under oath to the United States Department of Transportation that it has in place policies and procedures consistent with USDOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance.

133.   Defendant AATT affirmed under oath to the United States Department of Transportation that is familiar with and will have in placed on the appropriate effective date, a system for complying with USDOT regulations governing alcohol and controlled substances testing requirements.

134.   Defendant Mohamed has a history of injury producing accidents and unsafe driving.

135.   On December 27, 2014, Defendant Mohamed was charged with improper traffic lane usage in Illinois and subsequently paid a fine on Marh 2, 2015.

136.   On November 11, 2018, Defendant Mohamed was charged with speeding for going 79 miles per hour in a 55 mile per hour zone.

137.   The case was disposed on December 10, 2018 with a finding of guilty and a fine satisfied.

138.   On August 2, 2021, Defendant Mohamed failed to file a medical certification and was convicted of the same in Minnesota.

139.   On September 28, 2022, Defendant Mohamed was charged with violating "Oregon Department of Transportation Rules – Temporary Passes" and subsequently pled guilty on October 6, 2022.

140.   On September 27, 2022, just two years prior to this crash, Defendant Mohamed was involved in a deadly collision in Kennewick, Washington.

141.   At the time of that crash, Defendant Mohamed was operating a semi-truck and collided with the rear of another vehicle.

142.   As a result of that impact, the passenger died at the scene.

143.   Plaintiff Chirag Shukla suffered severe injuries as a result of an incident related to Defendant Mohamed's driving, more specifically, Defendant Mohamed's unsafe driving.

144.   The negligence, carelessness and/or recklessness of Defendant AATT, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Mohamed, consisted of, but is not limited to the following:

  a.   Failing to conduct a preventability analysis as recommended by the FMCSR;

b.  Failing to have any appropriate disciplinary policy within the company to address driver speeding;

c.  Utilizing law enforcement as the only mechanism to monitor driver speed;

d.  Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Mohamed;

e.  Hiring and/or continuing to employ Defendant Mohamed despite the fact that it knew or should have known that he was unfit to safely operate a commercial vehicle;

f.  Failure to maintain a driver qualification file as required under the FMCSR;

g.  Hiring and/or continuing to employ Defendant Mohamed despite the fact that he knew or should have known that he was unfit to safely operate a commercial vehicle;

h.  Hiring and/or continuing to employ Defendant Mohamed despite the fact that that he had a propensity for speeding and unsafe driving violations and crashes

i.  Failing to have an appropriate disciplinary policy within the company;

j.  Permitting Defendant Mohamed to operate a tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

k.  Failing to train and/or properly train Defendant Mohamed prior to allowing him to operate its tractor trailer;

l.  Allowing Defendant Mohamed to operate a tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m.  Failing to adopt appropriate employee manuals and/or training procedures;

n.  Failing to train drivers on the FMCSR;

o.  Failing to enforce both the written and unwritten policies of AATT;

p.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of AATT;

q.  Failing to implement and/or enforce an effective safety system;

r.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

s.  Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

t.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

u.  Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

v.  Failing to monitor and/or regulate its drivers' actions;

w.  Failing to monitor and/or regulate its drivers' hours;

x.  Failing to monitor and/or regulate speed at which the drivers drove;

y.  Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

z.  Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

aa. Failing to have a policy or mechanism in place to address speeding by its drivers;

bb. Failing to have a policy or mechanism in place to address excessive speed;

cc. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

dd. Failing to act upon and remedy known violations of FMCSA regulation 393;

41

ee. Failing to act upon and remedy known violations of FMCSA regulation 395;

ff. Recklessly disregarding state and federal laws, regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers when it was reasonably foreseeable that doing so would result in serious harm and injury to the motoring public and create a foreseeable danger to motorists exposed to the unsafe commercial drivers such as Defendant Mohamed.

145. As a direct and proximate result of Defendant AATT's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Chirag Shukla suffered serious and permanent personal injuries.

146. As a direct and proximate result of Defendant AATT's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Chirag Shukla has been caused to undergo medical care, treatment and take medication, all of which has been required in the past and all of which will continue into the future.

147. As a direct and proximate result of Defendant AATT's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Chirag Shukla suffered embarrassment, humiliation, disfigurement, pain, and suffering, all of which have prevented him from attending and performing his usual daily duties, activities, and recreational and social pursuits.

148. As a further result of the incident, Plaintiff Chirag Shukla has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of her earning capacity and power.

149.   As a result of this incident, Plaintiff Chirag Shukla may hereafter incur other

financial losses or expenses.

   **WHEREFORE**, Plaintiff, Chirag Shukla, demands judgment in his favor and against

Defendant, AATT LLC, in an amount in excess of one hundred and fifty thousand dollars

($150,000.00), together with costs, interests, compensatory damages, punitive damages,

and all other damages allowed by law.

**COUNT IX**
**NEGLIGENT and/or RECKLESS HIRING/TRAINING/RETENTION/SUPERVISION**
**AARTI SHUKLA v. SMH TRUCKING OF OHIO, INC.**

150.   Plaintiff Aarti Shukla incorporates, by reference, all preceding paragraphs as if

set forth herein at length.

151.   Plaintiff Aarti Shukla incorporates, by reference, all preceding paragraphs as if

set forth herein at length.

152.   Defendant SMH Trucking had an obligation/duty to hire, retain and supervise

drivers who operate their tractor trailer in a safe manner.

153.   As an interstate commercial employer, Defendant SMH Trucking was bound by

the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR").

154.   Defendant SMH Trucking affirmed under oath to the United States Department

of Transportation that it had a system in place and individual responsible for

ensuring overall compliance with the FMCSRs.

155.   Defendant SMH Trucking affirmed under oath to the United States Department

of Transportation that it could produce a copy of the FMCSRs and Hazardous

Transportation Regulations.

156.   Defendant SMH Trucking affirmed under oath to the United States Department

of Transportation that it had in place a driver safety training/orientation program.

157.    Defendant SMH Trucking affirmed under oath to the United States Department of Transportation that it has prepared and maintains an accident register.

158.    Defendant SMH Trucking affirmed under oath to the United States Department of Transportation that it is familiar with DOT regulations governing driver qualifications and has in place a system for overseeing driver qualification requirements.

159.    Defendant SMH Trucking affirmed under oath to the United States Department of Transportation that it has in place policies and procedures consistent with USDOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance.

160.    Defendant SMH Trucking affirmed under oath to the United States Department of Transportation that is familiar with and will have in placed on the appropriate effective date, a system for complying with USDOT regulations governing alcohol and controlled substances testing requirements.

161.    Defendant Mohamed has a history of injury producing accidents and unsafe driving.

162.    On December 27, 2014, Defendant Mohamed was charged with improper traffic lane usage in Illinois and subsequently paid a fine on Marh 2, 2015.

163.    On November 11, 2018, Defendant Mohamed was charged with speeding for going 79 miles per hour in a 55 mile per hour zone.

164.    The case was disposed on December 10, 2018 with a finding of guilty and a fine satisfied.

165.    On August 2, 2021, Defendant Mohamed failed to file a medical certification and was convicted of the same in Minnesota.

166.   On September 28, 2022, Defendant Mohamed was charged with violating "Oregon Department of Transportation Rules – Temporary Passes" and subsequently pled guilty on October 6, 2022.

167.   On September 27, 2022, just two years prior to this crash, Defendant Mohamed was involved in a deadly collision in Kennewick, Washington.

168.   At the time of that crash, Defendant Mohamed was operating a semi-truck and collided with the rear of another vehicle.

169.   As a result of that impact, the passenger died at the scene.

170.   Plaintiff Aarti Shukla suffered severe injuries as a result of an incident related to Defendant Mohamed's driving, more specifically, Defendant Mohamed's unsafe driving.

171.   The negligence, carelessness and/or recklessness of Defendant SMH Trucking, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Mohamed, consisted of, but is not limited to the following:

   a.   Failing to conduct a preventability analysis as recommended by the FMCSR;

   b.   Failing to have any appropriate disciplinary policy within the company to address driver speeding;

   c.   Utilizing law enforcement as the only mechanism to monitor driver speed;

   d.   Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Mohamed;

   e.   Hiring and/or continuing to employ Defendant Mohamed despite the fact that it knew or should have known that he was unfit to safely operate a commercial vehicle;

   f.   Failure to maintain a driver qualification file as required under the FMCSR;

g.  Hiring and/or continuing to employ Defendant Mohamed despite the fact that he knew or should have known that he was unfit to safely operate a commercial vehicle;

h.  Hiring and/or continuing to employ Defendant Mohamed despite the fact that that he had a propensity for speeding and unsafe driving violations and crashes

i.  Failing to have an appropriate disciplinary policy within the company;

j.  Permitting Defendant Mohamed to operate a tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

k.  Failing to train and/or properly train Defendant Mohamed prior to allowing him to operate its tractor trailer;

l.  Allowing Defendant Mohamed to operate a tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m.  Failing to adopt appropriate employee manuals and/or training procedures;

n.  Failing to train drivers on the FMCSR;

o.  Failing to enforce both the written and unwritten policies of SMH Trucking;

p.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of SMH Trucking;

q.  Failing to implement and/or enforce an effective safety system;

r.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

s.  Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

t.   Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

u.   Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

v.   Failing to monitor and/or regulate its drivers' actions;

w.   Failing to monitor and/or regulate its drivers' hours;

x.   Failing to monitor and/or regulate speed at which the drivers drove;

y.   Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

z.   Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

aa.  Failing to have a policy or mechanism in place to address speeding by its drivers;

bb.  Failing to have a policy or mechanism in place to address excessive speed;

cc.  Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

dd.  Failing to act upon and remedy known violations of FMCSA regulation 393;

ee.  Failing to act upon and remedy known violations of FMCSA regulation 395;

ff.  Recklessly disregarding state and federal laws, regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers when it was reasonably foreseeable that doing so would result in serious harm and injury to the motoring public and create a foreseeable danger to motorists exposed to the unsafe commercial drivers such as Defendant Mohamed.

47

172.    As a direct and proximate result of Defendant SMH Trucking's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Aarti Shukla suffered serious and permanent personal injuries.

173.    As a direct and proximate result of Defendant SMH Trucking's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Aarti Shukla has been caused to undergo medical care, treatment and take medication, all of which has been required in the past and all of which will continue into the future.

174.    As a direct and proximate result of Defendant SMH Trucking's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Aarti Shukla suffered embarrassment, humiliation, disfigurement, pain, and suffering, all of which have prevented her from attending and performing her usual daily duties, activities, and recreational and social pursuits.

175.    As a further result of the incident, Plaintiff Aarti Shukla has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of her earning capacity and power.

176.    As a result of this incident, Plaintiff Aarti Shukla may hereafter incur other financial losses or expenses.

**WHEREFORE**, Plaintiff, Aarti Shukla, demands judgment in her favor and against Defendant, SMH Trucking of Ohio, Inc., in an amount in excess of one hundred and fifty thousand dollars ($150,000.00), together with costs, interests, compensatory damages, punitive damages, and all other damages allowed by law.

## COUNT X

**NEGLIGENT and/or RECKLESS HIRING/TRAINING/RETENTION/SUPERVISION**
**CHIRAG SHUKLA v. SMH TRUCKING OF OHIO, INC.**

177.   Plaintiff Chirag Shukla incorporates, by reference, all preceding paragraphs as if set forth herein at length.

178.   Defendant SMH Trucking had an obligation/duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

179.   As an interstate commercial employer, Defendant SMH Trucking was bound by the Federal Motor Carrier Safety Regulations (hereinafter "FMCSR").

180.   Defendant SMH Trucking affirmed under oath to the United States Department of Transportation that it had a system in place and individual responsible for ensuring overall compliance with the FMCSRs.

181.   Defendant SMH Trucking affirmed under oath to the United States Department of Transportation that it could produce a copy of the FMCSRs and Hazardous Transportation Regulations.

182.   Defendant SMH Trucking affirmed under oath to the United States Department of Transportation that it had in place a driver safety training/orientation program.

183.   Defendant SMH Trucking affirmed under oath to the United States Department of Transportation that it has prepared and maintains an accident register.

184.   Defendant SMH Trucking affirmed under oath to the United States Department of Transportation that it is familiar with DOT regulations governing driver qualifications and has in place a system for overseeing driver qualification requirements.

185.   Defendant SMH Trucking affirmed under oath to the United States Department of Transportation that it has in place policies and procedures consistent with

USDOT regulations governing driving and operational safety of motor vehicles, including drivers' hours of service and vehicle inspection, repair and maintenance.

186.    Defendant SMH Trucking affirmed under oath to the United States Department of Transportation that is familiar with and will have in placed on the appropriate effective date, a system for complying with USDOT regulations governing alcohol and controlled substances testing requirements.

187.    Defendant Mohamed has a history of injury producing accidents and unsafe driving.

188.    On December 27, 2014, Defendant Mohamed was charged with improper traffic lane usage in Illinois and subsequently paid a fine on Marh 2, 2015.

189.    On November 11, 2018, Defendant Mohamed was charged with speeding for going 79 miles per hour in a 55 mile per hour zone.

190.    The case was disposed on December 10, 2018 with a finding of guilty and a fine satisfied.

191.    On August 2, 2021, Defendant Mohamed failed to file a medical certification and was convicted of the same in Minnesota.

192.    On September 28, 2022, Defendant Mohamed was charged with violating "Oregon Department of Transportation Rules – Temporary Passes" and subsequently pled guilty on October 6, 2022.

193.    On September 27, 2022, just two years prior to this crash, Defendant Mohamed was involved in a deadly collision in Kennewick, Washington.

194.    At the time of that crash, Defendant Mohamed was operating a semi-truck and collided with the rear of another vehicle.

195.    As a result of that impact, the passenger died at the scene.

196. Plaintiff Chirag Shukla suffered severe injuries as a result of an incident related to Defendant Mohamed's driving, more specifically, Defendant Mohamed's unsafe driving.

197. The negligence, carelessness and/or recklessness of Defendant SMH Trucking, individually and through its various employees, servants, agents and/or workers including, but not limited to Defendant Mohamed, consisted of, but is not limited to the following:

    a. Failing to conduct a preventability analysis as recommended by the FMCSR;

    b. Failing to have any appropriate disciplinary policy within the company to address driver speeding;

    c. Utilizing law enforcement as the only mechanism to monitor driver speed;

    d. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to Defendant Mohamed;

    e. Hiring and/or continuing to employ Defendant Mohamed despite the fact that it knew or should have known that he was unfit to safely operate a commercial vehicle;

    f. Failure to maintain a driver qualification file as required under the FMCSR;

    g. Hiring and/or continuing to employ Defendant Mohamed despite the fact that he knew or should have known that he was unfit to safely operate a commercial vehicle;

    h. Hiring and/or continuing to employ Defendant Mohamed despite the fact that that he had a propensity for speeding and unsafe driving violations and crashes

    i. Failing to have an appropriate disciplinary policy within the company;

    j. Permitting Defendant Mohamed to operate a tractor trailer when it knew or should have known that he was not properly qualified and/or trained;

k.  Failing to train and/or properly train Defendant Mohamed prior to allowing him to operate its tractor trailer;

l.  Allowing Defendant Mohamed to operate a tractor trailer in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

m.  Failing to adopt appropriate employee manuals and/or training procedures;

n.  Failing to train drivers on the FMCSR;

o.  Failing to enforce both the written and unwritten policies of SMH Trucking;

p.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of SMH Trucking;

q.  Failing to implement and/or enforce an effective safety system;

r.  Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

s.  Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

t.  Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

u.  Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

v.  Failing to monitor and/or regulate its drivers' actions;

w.  Failing to monitor and/or regulate its drivers' hours;

x.  Failing to monitor and/or regulate speed at which the drivers drove;

y.  Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

z.  Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

aa.  Failing to have a policy or mechanism in place to address speeding by its drivers;

bb.  Failing to have a policy or mechanism in place to address excessive speed;

cc.  Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles;

dd.  Failing to act upon and remedy known violations of FMCSA regulation 393;

ee.  Failing to act upon and remedy known violations of FMCSA regulation 395;

ff.  Recklessly disregarding state and federal laws, regulations and industry standards governing the safe hiring, training and retention of tractor trailer drivers when it was reasonably foreseeable that doing so would result in serious harm and injury to the motoring public and create a foreseeable danger to motorists exposed to the unsafe commercial drivers such as Defendant Mohamed.

198.  As a direct and proximate result of Defendant SMH Trucking's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Chirag Shukla suffered serious and permanent personal injuries.

199.  As a direct and proximate result of Defendant SMH Trucking's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Chirag Shukla has been caused to undergo medical care, treatment and take medication, all of which has been required in the past and all of which will continue into the future.

200. As a direct and proximate result of Defendant SMH Trucking's negligent, careless, and/or reckless hiring, training, retention, and supervision or its employees, agents, servants, and/or workman, Plaintiff Chirag Shukla suffered embarrassment, humiliation, disfigurement, pain, and suffering, all of which have prevented him from attending and performing his usual daily duties, activities, and recreational and social pursuits.

201. As a further result of the incident, Plaintiff Chirag Shukla has suffered in the past the loss of wage-related income and benefits and will continue to suffer in the future the loss of wages and impairment of her earning capacity and power.

202. As a result of this incident, Plaintiff Chirag Shukla may hereafter incur other financial losses or expenses.

**WHEREFORE**, Plaintiff, Chirag Shukla, demands judgment in his favor and against Defendant, SMH Trucking of Ohio, Inc., in an amount in excess of one hundred and fifty thousand dollars ($150,000.00), together with costs, interests, compensatory damages, punitive damages, and all other damages allowed by law.

Respectfully submitted,
**MORGAN & MORGAN**

BY: _____

HANNAH J. MOLITORIS,
ESQUIRE